IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-23-D
No. 7:20-CV-148-D

| | |
|---|---|
| JUSTIN ALSTON WOODS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On April 15, 2019, Justin Alston Woods ("Woods" or "petitioner") pleaded guilty to being a felon in possession of a firearm. See [D.E. 19]. On October 7, 2019, the court sentenced Woods to 71 months' imprisonment. See [D.E. 32, 34]. Woods did not appeal.

On August 14, 2020, pursuant to 28 U.S.C. § 2255, Woods moved pro se to vacate his conviction. See [D.E. 37]. In his section 2255 motion, Woods seeks relief based on Rehaif v. United States, 139 S. Ct. 2191 (2019). See id. On July 29, 2021, the United States moved to dismiss Woods's motion for failure to state a claim upon which relief can be granted [D.E. 41] and filed a memorandum in support [D.E. 42].

The court grants the government's motion to dismiss. Woods's claim is not based on a right newly recognized by the Supreme Court.[1] Regardless, Woods procedurally defaulted his claim by failing to raise it on direct appeal. Thus, the general rule of procedural default bars Woods from

---

[1] See Tate v. United States, 982 F.3d 1226, 1227–28 (9th Cir. 2020) (per curiam); Mata v. United States, 969 F.3d 91, 93–94 (2d Cir. 2020) (per curiam); In re Price, 964 F.3d 1045, 1049 (11th Cir. 2020); In re Sampson, 954 F.3d 159, 160–62 (3d Cir. 2020) (per curiam); In re Wright, 942 F.3d 1063, 1065 (11th Cir. 2019) (per curiam); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam); cf. Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021).

presenting his claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). And Woods has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999); cf. Presentence Investigation Report [D.E. 24] ¶¶ 20, 21, 22, 24. Thus, the claim fails.

In sum, the court DISMISSES Woods's section 2255 motion and DENIES a certificate of appealabilty. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This 11 day of November, 2021.

JAMES C. DEVER III
United States District Judge